UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **EDGAR ESTRADA-MEDINA,** | : | |
| **Plaintiff** | : | **CIVIL ACTION NO. 3:13-1558** |
| v. | : | **(MANNION, D.J.)** |
| | | **(CARLSON, M.J.)** |
| **UNITED STATES OF AMERICA**, *et al.*, | : | |
| | : | |
| **Defendants** | | |

## MEMORANDUM

Pending before the court is a report and recommendation filed by Judge Carlson on February 10, 2014, to which no objections have been filed. (Doc. 25). Judge Carlson's report recommends the plaintiff's single-count complaint for food poisoning under the Federal Torts Claim Act (FTCA), 28 U.S.C. §§2401, 2675, (Doc. 1), be dismissed. Judge Carlson determined the complaint should be dismissed because the plaintiff failed to prosecute his case in violation of Fed. R. Civ. Pro. 41, thereby abandoning his lawsuit and failing to properly notify the court of his current address. For the reasons discussed below, the court agrees with Judge Carlson's determination and will dismiss the complaint.

## I.   STANDARD OF REVIEW

Where no objection is made to a report and recommendation, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ.

P. 72(b), advisory committee notes; *see also* *Univac Dental Co. v. Dentsply Intern., Inc.*, 702 F.Supp.2d 465, 469 (2010) (citing *Henderson v. Carlson,* 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every Report and Recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

## II.    DISCUSSION

In his report, Judge Carlson first concludes that dismissal is warranted because the plaintiff failed to comply with Local Rule 83.18, requiring the parties to notify the court of any change of address. The plaintiff is aware of this requirement given he filed a notification of release from federal custody with a new mailing address on July 8, 2013. (Doc. 10). After supplying the court with his new address, the plaintiff has made no further contact with the court. A court appointed mediator tried to contact the plaintiff in order to resolve this matter, but was unable to reach him after several attempts. (Doc. 19). Mail sent to his new address from the clerk's office was returned as undeliverable on February 4, 2014. (Doc. 23). The docket indicates no further update with regard to the plaintiff's address and no communication with the plaintiff as of July 2013. Based on the plaintiff's lack of compliance with Rule 83.18 and the seven month span without any contact, it appears he has no

further interest in prosecuting this matter.

The court is also satisfied with Judge Carlson's recommendation that the case be dismissed pursuant to Rule 41 and *Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984). Judge Carlson thoroughly discussed and evaluated the six *Poulis* factors in light of the plaintiff's *pro se* status, his failure to inform the court of his address, his failure to prosecute, and the prejudice the defendant will face. Judge Carlson noted that while the plaintiff's claim may be meritorious, the plaintiff's failure to communicate completely frustrates the court's ability to fully evaluate the merits. In sum, the plaintiff's actions warrant dismissal. As such, Rule 41 is a proper mechanism for dismissing this case.

### III.   CONCLUSION

For the reasons discussed above, Judge Carlson's report and recommendation is **ADOPTED IN FULL** and the plaintiff's complaint is **DISMISSED**. An appropriate order shall follow.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: March 6, 2014**

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2013 MEMORANDA\13-1558-01.wpd